JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
FLSA Counsel
JOSEPH M. LAKE
Senior Trial Attorney
lake.joseph@dol.gov
California State Bar Number 246679
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA
(415) 625-7758
FAX (415) 625-7772

Attorneys for Plaintiff, Thomas E. Perez,
Secretary of Labor
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | Case No.: 14-4786 |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT |
| BRETANO HOUSE LLC, a limited liability corporation, and CHRISTOPHER FRIES, an individual, | |
| Defendants. | |

1.    Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of

Labor (the "Secretary"), brings this action to enjoin Defendants Bretano House, LLC, a limited

liability corporation; and Christopher Fries, an individual from violating the provisions of

Sections 6, 7, 11, 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended

1   ("FLSA" or the "Act"), 29 U.S.C. §§ 206, 207, 211, 215(a)(2) and 215(a)(5), and to recover

2   unpaid minimum wage and overtime compensation owed under the FLSA to present and former

3   employees of the Defendants listed by name on the attached Exhibit A to this Complaint,

4   together with liquidated damages, pursuant to FLSA Section 16(c), 29 U.S.C. § 216(c).

5          2.      Jurisdiction of this action is conferred upon the Court by Sections 16 and 17 of

6   the FLSA, 29 U.S.C. §§ 216, 217; by 28 U.S.C. § 1331 (federal question); and by 28 U.S.C. §

7   1345 (United States as plaintiff).

8          3.      Venue lies in the United States District Court for the Northern District of

9   California, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions

10  giving rise to the instant claims occurred in this district.

11         4.      On information and belief, at all times material hereto, Defendant Bretano House,

12  LLC, is and has been a California limited liability corporation licensed to do business in the State

13  of California, within the jurisdiction of this Court, where it is and has been engaged in the

14  residential care business.

15         5.      On information and belief, at all times material hereto, Defendant Bretano House,

16  LLC is and has been an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d),

17  in relation to certain employees listed on Exhibit A to this Complaint.

18         6.      On information and belief, at all times material hereto, Defendant Christopher

19  Fries has been an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d), of the

20  workers listed on Exhibit A Complaint.  Christopher Fries, who resides within the jurisdiction of

21  this Court, acted directly in the interest of Bretano House, LLC with hiring and firing authority,

22  and also set the wages, hours, and work conditions of the employees who performed work for

23  Bretano House, LLC.

*Complaint*                                    2

9.    At all times relevant to this Complaint, Bretano House, LLC has employed employees engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10.    At all times relevant to this Complaint, Bretano House, LLC has been an "enterprise," as defined in FLSA Sections 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

11.    At all times relevant to this Complaint, Bretano House, LLC has been engaged in the operation of an enterprise whose annual gross volume of sales made or business done was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).  As such, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA § 3(s), 29 U.S.C. § 203(s).

12.    Defendants, employers subject to the provisions of the Act, have violated the provisions of FLSA Sections 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), 29 U.S.C. § 203(s), at wage rates less than the applicable federal minimum wage.

13.    Defendants, employers subject to the provisions of the Act, violated the provisions of FLSA Sections 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of

*Complaint*

3

goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s), for workweeks longer than 40 hours without compensating these employees at overtime rates of not less than one and one-half times the regular rates at which they were employed.

14.     Defendants, employers subject to the provisions of the Act, violated the provisions of FLSA Sections 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make available to authorized agents of plaintiff for inspection, transcription and/or copying, and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the plaintiff pursuant to the authority granted in the FLSA and published at 29 C.F.R. Part 516.

15.     (a)     During the relevant statutory period, Defendants repeatedly violated the above-described provisions of the FLSA;

(b)     Defendants' violations of FLSA Sections 6, 7, 11, and 15 are willful in nature;

(c)     As a result of the violations of the FLSA, there are unpaid minimum wage and overtime compensation being withheld by the Defendants;

(d)     Judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by FLSA Section 17, 29 U.S.C. § 217;

(e)     Judgment enjoining and restraining any continued withholding of unpaid minimum wage and overtime compensation due under the FLSA is specifically authorized by FLSA Section 17, 29 U.S.C. § 217;

*Complaint*                                        4

(f)     Judgment awarding unpaid back wages due under the FLSA, plus an additional amount, as liquidated damages, that is equal to the amount of the back wages that accrued under the FLSA, is specifically authorized by FLSA § 16(c), 29 U.S.C. § 216(c).

WHEREFORE, cause having been shown, the Secretary prays for a Judgment against Defendants as follows:

(a)     For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of Section 15 of the Act, 29 U.S.C. § 215; and

(b)     For an Order

(1)     pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A for the relevant statutory period (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

(2)     pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid back wages found to be due Defendants' employees for the relevant statutory period;

(c)     For an Order awarding plaintiff the costs of this action; and

1          (d)      For an Order granting such other and further legal and equitable relief as may be

2    necessary or appropriate.

3

4    DATED: October 28, 2014                    M. PATRICIA SMITH
                                                Solicitor of Labor
5
                                                JANET M. HEROLD
6                                               Regional Solicitor

7                                               SUSAN SELETSKY
                                                FLSA Counsel
8

9                                               By:  _/s/ Joseph Lake_____
                                                JOSEPH M. LAKE
10                                              Senior Trial Attorney
                                                Attorneys for Plaintiff
11                                              United States Department of Labor

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Complaint*                                     6

## **EXHIBIT A**

AHILLION, NIEVES

AMAGAN, MEINCHIN

ANGULO, CELIA

ANGULO, LEONA

AQUINO, CHERRY ANN

BANGALE, EDNA

BARTOLO, EDGAR

BERNARDO, CELIA

CABA, MILAGROS

CATACUTAN, ANTOINE

DE GUZMAN, BENEDICTO

GUIAM, RONN

JOVELLANOS, EDEN

JUDITH, SISON

LAGUITAN, EDITHA

LARRAGA, VIRGILIO

SANTOS, MARILOU

SLEE, FLORHELYN

WANG, LISA

*Complaint*                                    7