JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
FLSA Counsel
JOSEPH M. LAKE
Senior Trial Attorney
lake.joseph@dol.gov
California State Bar Number 246679
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA
(415) 625-7758
FAX (415) 625-7772

Attorneys for Plaintiff, Thomas E. Perez,
Secretary of Labor
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | ) ) HON. WILLIAM ALSUP ) |
| Plaintiff, | ) Case No.: 3:14-cv-04786-WHA ) ) |
| v. | ) ~~[PROPOSED]~~  MODIFIED ) **CONSENT JUDGMENT** |
| BRETANO HOUSE LLC, a limited liability corporation; CHRISTOPHER FRIES, an individual; and MARILYN FRIES, an individual; | ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), and Defendants BRETANO HOUSE LLC, CHRISTOPHER FRIES, and MARILYN FRIES (together "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A.     The Secretary has filed a Complaint alleging that the Defendants violated provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938,

as amended ("FLSA" or "the Act"), 29 U.S.C. § 207, 211(c), 215(a)(2) and (5).

B.     Defendants acknowledge receipt of a copy of the Secretary's Complaint.

C.     Defendants waive issuance and service of process and waive answers and any defenses to the Secretary's Complaint.

D.     The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E.     Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Northern District of California.

F.     Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

G.     Defendants understand and agree that demanding or accepting any of the funds due employees under this Consent Judgment ("Consent Judgment" or "Judgment") or threatening any employee for accepting money due under this Consent Judgment or for exercising any of their rights under the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), 29 U.S.C. §201, *et seq.* is specifically prohibited by this Consent Judgment and may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

H.     Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

I.     Defendants admit to violating Sections 6 and 15(a)(2) of the FLSA during the period from February 15, 2012, to February 15, 2014, by paying at least nine employees wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid.

J.     Defendants admit to violating Sections 7 and 15(a)(2) of the FLSA during the period from February 15, 2012, to February 15, 2014, by employing at least nineteen employees

who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for workweeks longer than forty hours, and failing to pay such employees compensation for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

K.    Defendants admit to violating Sections 11(c) and 15(a)(5) of the FLSA during the period from February 15, 2012, to February 15, 2014, by failing to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to section 11(c) of the Act.  Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, (hereafter the "Act" or the "FLSA"), Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, enjoined and restrained from violating the provisions of the Act, in any of the following manners, for a period of five (5) years from the date of entry of this judgment:

1.    Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, employ any of their employees at rates less than the applicable federal minimum wage in workweeks when said employees are engaged in commerce or in the production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act.

2.    Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours,

1  unless such employee receives compensation for his employment in excess of forty hours at a

2  rate not less than one and one-half times the regular rate at which he is employed.

3      3.    Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act fail to

4  make, keep and preserve records of their employees and of the wages, hours, and other

5  conditions and practices of employment maintained by them as prescribed by the regulations

6  found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to section

7  11(c) of the Act.

8      4.    **IT IS FURTHER ORDERED** that Defendants, jointly and severally, shall not

9  withhold payment of $98,196.77, which represents the unpaid minimum wage and overtime

10  compensation hereby found to be due, for the period from February 15, 2012, to February 15,

11  2014, to the present and former employees named in Exhibit A, attached hereto and made a part

12  hereof, in the amounts set forth therein.

13      5.    **IT IS FURTHER ORDERED** that Plaintiff shall have and recover from

14  Defendants, jointly and severally, the amount of $98,196.77, which represents the liquidated

15  damages  hereby found to be due for the Subject Period to those current and former employees of

16  Defendants named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth

17  therein, pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216.

18      6.    Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly,

19  any employee to return or to offer to return to the Defendants or to someone else for the

20  Defendants, any money in the form of cash, check, or any other form, for wages previously due

21  or to become due in the future to said employee under the provisions of this Consent Judgment

22  or the Act; nor shall Defendants accept, or receive from any employee, either directly or

23  indirectly, any money in the form of cash, check, or any other form, for wages heretofore or

24  hereafter paid to said employee under the provisions of this Consent Judgment or the Act; nor

25  shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone

1   else to discriminate, against any such employee because such employee has received or retained

2   money due to him from the Defendants under the provisions of this Consent Judgment or the

3   Act.

4        **FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the

5   Act, in favor of the Secretary as a judgment owed to the United States of America and against

6   the Defendants, jointly and severally, in the total amount of $196,393.54, which is comprised of

7   $98,196.77 in unpaid minimum wage and overtime compensation owed by Defendants and

8   pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216, an

9   additional equal amount as liquidated damages of $98,196.77.

10        7.   Defendants shall pay to the Secretary the sum of $98,196.77, which represents the

11   unpaid minimum wage and overtime compensation hereby found to be due, for the period from

12   February 15, 2012, to February 15, 2014, to the present and former employees named in Exhibit

13   A, attached hereto and made a part hereof, in the amounts set forth therein.

14        8.   The rights of any of Defendants' employees or ex-employees not specifically

15   mentioned in Exhibit A to this Consent Judgment, to back wages and liquidated damages under

16   the Act, and the rights of Defendants' employees or ex-employees identified in Exhibit A in

17   regard to work performed for any time period other than the time period specified above in

18   paragraph 6, are neither affected nor extinguished by this Consent Judgment and neither party to

19   the action contemplates that the Consent Judgment entered in this action will affect such rights, if

20   any.

21        9.   Defendants shall further pay to the Secretary as liquidated damages the additional

22   sum of $98,196.77 hereby found to be due, for the period from February 15, 2012, to February

23   15, 2014, to the present and former employees named in Exhibit A, attached hereto and made a

24   part hereof, in the amounts set forth therein.

25

*Consent Judgment*                                      5

1    10.    The provisions of paragraphs 4, 5, 7, and 9 of this Consent Judgment will be

2  deemed satisfied where Defendants comply with the following provisions:

3    a.    Within ten calendar days of the entry of this Consent Judgment, Defendants shall

4  deliver a schedule to Director Susana Blanco, Wage and Hour Division, United States

5  Department of Labor, 90 Seventh Street, Suite 12-100, San Francisco, California 94103

6  containing the last known (home) address, social security number, telephone number (if known),

7  and amount of back wages for each person named in the attached Exhibit A.

8    b.    Defendants shall initiate repayment of the liquidated damages with the first

9  payment of $20,000 due on November 10, 2014.  Defendants shall pay the remaining liquidated

10  damages in monthly payments of $4,975.73 plus applicable interest on the first of every month

11  until the total liquidated damages of $98,196.77 have been paid in full.

12    c.    Defendants shall initiate repayment of the back wages with the first payment of

13  $4,975.73 due on March 10, 2016.  Defendants shall pay the remaining back wages in monthly

14  payments of $4,975.73 plus applicable interest on the first of every month until the total back

15  wages of $98,196.77 have been paid in full.

16    d.    Each payment shall be made by certified, or cashier's check or money order made

17  payable to Wage & Hour Div., Labor and delivered to Director Susana Blanco, Wage and Hour

18  Division, United States Department of Labor, 90 Seventh Street, Suite 12-100, San Francisco,

19  California 94103 on or before the date due.  Each remittance shall show the Firm name of

20  "Bretano House LLC" and shall indicate whether the payment is made for back wages or

21  liquidated damages as shown on Exhibit B. As shown on Exhibit B, some of the payments will

22  be made in two checks.

23    11.    In the event of a default in the timely making of the payments specified herein,

24  the full gross amount outstanding due under this Consent Judgment, plus post-judgment interest

25  at the rate of 10% per year from the date of this Consent Judgment until the full amount of this

1    Consent Judgment is paid in full, shall become immediately due and payable directly to the U.S.

2    Department of Labor by certified check to the District Director of the Wage and Hour Division.

3    For the purposes of this paragraph, a "default" is deemed to occur if payment is not delivered

4    within five calendar days of the due date.

5         12.    The Secretary shall allocate and distribute the remittances, or the proceeds

6    thereof, less deductions for employees' share of Social Security and withholding taxes to the

7    persons named in the attached Exhibit A, or to their estates if that be necessary, in his sole

8    discretion, and any money not so paid within a period of three years from the date of its receipt,

9    because of an inability to locate the proper persons or because of their refusal to accept it, shall

10   be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29

11   U.S.C. § 216(c).  The Secretary shall be responsible for deducting the employee's share of FICA

12   and federal income taxes from the amounts paid to the persons named in the attached Exhibit A,

13   and for remitting said deductions to the appropriate federal agencies.

14        13.    Within thirty days of the date of entry of this Consent Judgment, Defendants shall

15   provide each of their employees with copies of a Notice of Rights, attached as Exhibit C, which

16   summarizes the terms of this Consent Judgment and provides direct guidance from the DOL

17   regarding care home employees' rights under the FLSA.  English, Tagalog, and Spanish versions

18   are attached. In the event any of Defendants' employees' native language is a language other

19   than English, Tagalog, or Spanish, Defendants shall have the notice translated into that language.

20   Defendants shall provide copies of Exhibit C to all new hires and post a copy at each business

21   establishment in an area that is frequented by each employee at least once every workweek and

22   where it is highly visible.  This provision shall be in effect for a period of four years from the

23   date of entry of this Consent Judgment.

24

25

*Consent Judgment*       7

14.     Within 10 days of signing this Consent Judgment, Defendants shall post Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA, which may be found at http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

15.      Within 10 days of signing this Consent Judgment, Defendants shall implement a record-retention and inspection program as follows:

a.     Defendants shall procure, if necessary, and install a time clock at each work location and ensure that each employee accurately records in the employer's records the time he/she: (i) begins work each day by the employee clocking/punching in as soon as the employee enters the worksite and/or employer's premises; (ii) begins any uninterrupted work-free meal period of 30 minutes or more by the employee clocking/punching out at the beginning of the lunch period; (iii) ends any uninterrupted work-free meal period of 30 minutes or more, by clocking/punching out at the end of the uninterrupted work-free meal period; (iv) ends work each day by the employee clocking/punching out just before the employee leaves the worksite and/or the employer's premises; (v) begins and ends any period, if any, when the employee is duty-free (such as sleep time or other off-duty hours) and thus not paid by the employee clocking/punching out.

b.     Defendants shall not reduce hours worked for time spent sleeping (claim a "sleep time credit") for any employee who is required to be on duty for less than 24 hours.  An employee who is required to be on duty for less than 24 hours is working even though he is permitted to sleep or engage in other personal activities when not busy.  Defendants may claim a sleep time credit for an employee is required to be on duty for more than 24 hours only if they comply with all of the following:

(i)  Defendants have entered into a written voluntary agreement with the employee before the period for which the sleep time credit is claimed;

*Consent Judgment*                                          8

1    (ii) This written voluntary agreement provides for the exclusion from hours worked of

2    bona fide regularly scheduled sleeping periods of not more than 8 hours;

3    (iii) Defendants have provided adequate sleeping facilities; and

4    (iv) Defendants ensure that the employee can usually enjoy an uninterrupted night's sleep,

5    which Defendants agrees will mean no more than once a week will an interruption occur.

6    Defendants shall not claim any sleep time credit where the demands of the employee's work

7    prevents sleep for at least five uninterrupted hours.

8    c.    For each work week, Defendants shall sum the time indicated on the time records

9    recorded on the time clock by each employee to identify the time worked each day and each

10   workweek.  Each pay period Defendants shall prepare a statement of hours worked by each

11   employee for each day, week and pay period ("Work Hours Summary").  Such Work Hours

12   Summary shall state the regular rate, which shall be calculated in full compliance with 29 C.F.R.

13   §§ 778.108-09, as well as any amount deducted that pay period for any reason, including any

14   lodging credit, meal credit, or sleep time credit.  Defendants shall calculate the half-time

15   premium for hours worked over forty in each work week by dividing the regular rate in half.

16   Defendants shall include the value of any lodging credit or meal credit in the regular rate.

17   d.    Defendants shall have each employee review his/her Work Hours Summary and

18   write in corrections if necessary.  Each hours worked summary shall contain a statement in

19   English and Tagalog that "BRETANO HOUSE LLC and CHRISTOPHER and MARILYN

20   FRIES must pay you for all hours worked, which includes all time that you are required to be on

21   the employer's premises and are not free from duties.  If you think BRETANO HOUSE LLC or

22   CHRISTOPHER and MARILYN FRIES have not paid you for all hours you worked, you can

23   call the U.S. Department of Labor to make a confidential complaint at 1-866-4US-WAGE."

24   Immediately upon issuance and for two years thereafter, Defendants shall maintain copies of all

25   Work Hours Summary for inspection by the Department of Labor at any time without prior

1   request, and inspection by any worker at any time without prior request.  Defendants shall post in

2   an area that is frequented by each employee at least once each workweek and where it is highly

3   visible a notice alerting employees that they have the right to inspect their time cards and Work

4   Hours Summary at any time.

5          e.      Defendants agree that they will not claim that food eaten by workers is a part of

6   their pay (a "meal credit") absent full compliance with 29 C.F.R. Part 531.  If Defendants opt to

7   seek a meal credit pursuant to 29 C.F.R. Part 531, Defendants shall retain receipts for any food

8   purchased for which they claim a meal credit.  Immediately upon issuance and for two years

9   thereafter, Defendants shall maintain copies of receipts for food purchased as to which

10  Defendants assert a meal credit.  Defendants shall make these receipts open for inspection by the

11  Department of Labor at any time without prior request, and inspection by any worker at any time

12  without prior request.  On January 1, March 1, June 1 and October 1 of each year, Defendants

13  shall post a statement in an area that is frequented by employees and where it is highly visible

14  which shows how Defendants calculated the amount of any meal credit Defendants claimed

15  during the previous calendar quarter.  Defendants shall continue to display the above-described

16  meal credit information for two years after claiming any meal credit.

17         f.      Defendants shall not claim that sleeping at Defendants' facility is part of the

18  workers' pay ("lodging credit") unless they comply fully with 29 C.F.R. Part 516, including 29

19  CFR § 516.27.  Defendants shall maintain all records described at 29 C.F.R. § 516.27, including

20  itemized accounts showing the nature and amount of any expenditures entering into the

21  computation of the reasonable cost of lodging for which a lodging credit is claimed.

22  Immediately upon issuance and for two years thereafter, Defendants shall maintain copies of all

23  receipts and expenditures and other document support for any lodging credit asserted.

24  Defendants shall make such lodging credit documents open for inspection by the Department of

25  Labor at any time without prior request, and inspection by any worker at any time without prior

*Consent Judgment*                                10

1   request.  On January 1, March 1, June 1 and October 1 of each year, Defendants shall post a

2   statement in an area that is frequented by employees and where it is highly visible which shows

3   how Defendants calculated the amount of any lodging credit Defendants claimed during the

4   previous calendar quarter.  Defendants shall continue to display the above-described lodging

5   credit information for two years after claiming any lodging credit.

6        16.    Within 10 days of signing this Consent Judgment, Defendants shall implement a

7   staffing plan which addresses the role assignment of overtime hours has had in the violations of

8   FLSA which this Consent Judgment is addressing and minimizes the likelihood of incurring the

9   obligation to pay overtime wages, and thereby, the likelihood of underpayment of overtime

10  wages due under FLSA in the future:

11            a)    Defendants will design a staffing plan that ensures that at least three

12  different workers are employed and scheduled to cover the care needs for three eight-hour shifts

13  at each home:  day, evening, and night shifts.  Defendants may decide to have one worker, rather

14  than two workers, cover the night shift, but this worker should not be the same worker who

15  worked the morning or evening shift.  Defendants also agree to retain additional staff beyond

16  these three staff members to work care shifts on weekends, or on other scheduled days to ensure

17  that no worker is scheduled to work more than five eight-hour shifts in each workweek.

18            b)    Within 5 days of signing this Consent Judgment, Defendants agree to

19  provide a proposed staffing plan to the Wage and Hour Division, for their review for compliance

20  with this provision of the Consent Judgment.

21       17.    IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action

22  for purposes of enforcing compliance with the terms of this Consent Judgment.  This jurisdiction

23  will terminate  Dated this _____ day of _____, 2014

24  on November 18, 2019, without further order (unless extended by a court order before said date).

25  _____          _____
    November 18, 2014.                         U.S. DISTRICT JUDGE
    Date

*Consent Judgment*                                    11

1         The parties stipulate to entry of this Consent Judgment upon entry of the terms stated

2    herein:

3    Dated:                                                Dated: 11/13/14

4                                                          M. PATRICIA SMITH
                                                           Solicitor of Labor
5

6    _____                           JANET M. HEROLD
     CHRISTOPHER FRIES                                     Regional Solicitor
7
                                                           SUSAN SELETSKY
8    _____                           FLSA Counsel
     MARILYN FRIES
9

10   Approved as to form:                                 _____
                                                           JOSEPH M. LAKE
11                                                         Senior Trial Attorney
                                                           Attorneys for U.S. Department of Labor
12

13   _____
     STEVEN KESTEN
14   Attorney for Defendants
     Marilyn Fries, Christopher Fries and Bretano
     House LLC
15

16

17

18

19

20

21

22

23

24

25

*Consent Judgment*                        12

1          The parties stipulate to entry of this Consent Judgment upon entry of the terms stated

2     herein:

3     Dated:                                              Dated:

4                                                         M. PATRICIA SMITH
                                                          Solicitor of Labor
5     _____
      CHRISTOPHER FRIES                                   JANET M. HEROLD
6                                                         Regional Solicitor

7                                                         SUSAN SELETSKY
                                                          FLSA Counsel
8     _____
      MARILYN FRIES

9

10    Approved as to form:                               _____
                                                         JOSEPH M. LAKE
11                                                        Senior Trial Attorney
                                                         Attorneys for U.S. Department of Labor
12

13    _____
      STEVEN KESTEN
      Attorney for Defendants
14    Marilyn Fries, Christopher Fries and Bretano
      House LLC
15

16

17

18

19

20

21

22

23

24

25

*Consent Judgment*                          12

**EXHIBIT A**

| Employee  Name | Gross Back Wages | Gross Liquidated Damages | Gross Interest | Total Due |
|---|---|---|---|---|
| NIEVES AHILLION | $676.49 | $676.49 | $19.20 | $1,372.18 |
| CELIA ANGULO | $11,053.02 | $11,053.02 | $313.61 | $22,419.65 |
| LEONA ANGULO | $12,733.87 | $12,733.87 | $361.29 | $25,829.03 |
| CHERRY ANN AQUINO | $2,356.42 | $2,356.42 | $66.85 | $4,779.69 |
| EDNA BANGALE | $14,783.85 | $14,783.85 | $419.47 | $29,987.17 |
| EDGAR BARTOLO | $261.59 | $261.59 | $7.42 | $530.60 |
| CELIA BERNARDO | $5,427.42 | $5,427.42 | $153.98 | $11,008.82 |
| MILAGROS CABA | $21,678.54 | $21,678.54 | $615.07 | $43,972.15 |
| ANTIONE CATACUTAN | $827.08 | $827.08 | $23.49 | $1,677.65 |
| BENEDICTO DE GUZMAN | $9,299.52 | $9,299.52 | $263.88 | $18,862.92 |
| RONN GUIAM | $1,744.80 | $1,744.80 | $49.49 | $3,539.09 |
| EDEN JOVELLANOS | $4,275.11 | $4,275.11 | $121.28 | $8,671.50 |
| SISON JUDITH | $12.72 | $12.72 | $0 | $25.44 |
| EDITHA LAGUITAN | $4,748.22 | $4,748.22 | $134.74 | $9,631.18 |
| VIRGILIO LARRAGA | $3,424.83 | $3,424.83 | $97.18 | $6,946.84 |
| MARILOU SANTOS | $2,102.25 | $2,102.25 | $59.64 | $4,264.14 |
| FLORHELYN SLEE | $916.51 | $916.51 | $26.02 | $1,859.04 |
| LISA WANG | $117.30 | $117.30 | $0 | $234.60 |
| MEINCHIN AMAGAN | $1,757.23 | $1,757.23 | $0 | $3,514.46 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| TOTAL: | $98,196.77 | $98,196.77 | $2,732.61 | $199,126.15 |

*Consent Judgment*

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

<u>EXHIBIT B</u>

Installment Plan

| Date Due | Principal | Interest | Total Amount Due | Payment Allocation |
|----------|-----------|----------|------------------|--------------------|
| 11/10/2014 | $20,000.00 | $0 | $20,000.00 | LDs |
| 12/10/2014 | $4,828.74 | $146.99 | $4,975.73 | LDs |
| 01/10/2015 | $4,832.76 | $142.97 | $4,975.73 | LDs |
| 02/10/2015 | $4,836.79 | $138.94 | $4,975.73 | LDs |
| 03/10/2015 | $4,840.82 | $134.91 | $4,975.73 | LDs |
| 04/10/2015 | $4,844.85 | $130.88 | $4,975.73 | LDs |
| 05/10/2015 | $4,848.89 | $126.84 | $4,975.73 | LDs |
| 06/10/2015 | $4,852.93 | $122.80 | $4,975.73 | LDs |
| 07/10/2015 | $4,856.97 | $118.76 | $4,975.73 | LDs |
| 08/10/2015 | $4,861.02 | $114.71 | $4,975.73 | LDs |
| 09/10/2015 | $4,865.07 | $110.66 | $4,975.73 | LDs |
| 10/10/2015 | $4,869.13 | $106.60 | $4,975.73 | LDs |
| 11/10/2015 | $4,873.18 | $102.55 | $4,975.73 | LDs |
| 12/10/2015 | $4,877.24 | $98.49 | $4,975.73 | LDs |
| 01/10/2016 | $4,881.31 | $94.42 | $4,975.73 | LDs |
| 02/10/2016 | $4,885.38 | $90.35 | $4,975.73 | LDs |
| 03/10/2016 | $4,889.45 | $86.28 | $4,975.73 | BWs |
| 04/10/2016 | $4,893.52 | $82.21 | $4,975.73 | BWs |
| 05/10/2016 | $4,897.60 | $78.13 | $4,975.73 | BWs |
| 06/10/2016 | $4,901.68 | $74.05 | $4,975.73 | BWs |
| 07/10/2016 | $4,905.77 | $69.96 | $4,975.73 | BWs |
| 08/10/2016 | $4,909.85 | $65.88 | $4,975.73 | BWs |

*Consent Judgment*                                     14

| 09/10/2016 | $4,913.95 | $61.78 | $4,975.73 | BWs |
| 10/10/2016 | $4,918.04 | $57.69 | $4,975.73 | BWs |
| 11/10/2016 | $4,922.14 | $53.59 | $4,975.73 | BWs |
| 12/10/2016 | $4,926.24 | $49.49 | $4,975.73 | BWs |
| 01/10/2017 | $4,930.35 | $45.38 | $4,975.73 | BWs |
| 02/10/2017 | $4,934.45 | $41.28 | $4,975.73 | BWs |
| 03/10/2017 | $4,938.57 | $37.16 | $4,975.73 | BWs |
| 04/10/2017 | $4,942.68 | $33.05 | $4,975.73 | BWs |
| 05/10/2017 | $4,946.80 | $28.93 | $4,975.73 | BWs |
| 06/10/2017 | $4,950.92 | $24.81 | $4,975.73 | BWs |
| 07/10/2017 | $4,955.05 | $20.68 | $4,975.73 | BWs |
| 08/10/2017 | $4,959.18 | $16.55 | $4,975.73 | BWs |
| 09/10/2017 | $4,963.31 | $12.42 | $4,975.73 | BWs |
| 10/10/2017 | $4,967.45 | $8.28 | $4,975.73 | BWs |
| 11/10/2017 | $4,971.46 | $4.14 | $4,975.60 | BWs |
|  |  |  |  |  |

LDs – refers to Liquidated Damages.  All payments allocated to Liquidated Damages should indicate the term "LDs" on the face of the check.

BWs – refers to Back Wages.  All payments allocated to Back Wages should indicate the term "BWs" on the face of the check.

*Consent Judgment*                                      15

Exhibit C

# LEGAL NOTICE TO ALL EMPLOYEES

The Department of Labor conducted an investigation of BRETANO HOUSE LLC, and determined that employees were owed back wages and liquidated damages for their employment during the period of February 15, 2012, to February 15, 2014.  BRETANO HOUSE LLC and CHRISTOPHER  AND MARILYN FRIES have agreed voluntarily to pay the penalties, back wages and liquidated damages calculated by the Department, and take other affirmative steps to achieve compliance with the Fair Labor Standards Act.

The **Fair Labor Standards Act** provides that you must be paid the **minimum wage** for all hours worked.  In addition, all employees must be paid the **overtime** rate of one and one-half times your regular rate for all hours worked over 40 in a workweek.  All employees are entitled to overtime pay (1 ½ times your regular rate) when you work over 40 hours.  Your employer may not make deductions or take credit for meals and lodging provided to you unless you voluntarily agree to sign a written agreement with your employer regarding such meal or lodging credits.  The consent judgment your employer reached with the Department of Labor requires the employer to make available to you any receipts, documents, or any other information necessary to explain how any lodging or meal deductions and credits are being calculated.

*Consent Judgment*                                          16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

You must be paid for all hours worked, even hours spent sleeping, if you are not usually free of duties during such sleep hours and thus can enjoy at least 5 hours of uninterrupted sleep hours.  Your employer must pay you for all time spent working, even if the work is performed during time scheduled as "sleep time" or "non-work" time.

**If you think you are not being paid in accordance with the law**, you can call the U.S. Department of Labor, Wage and Hour Division, at (415) 625-7720 or 1-866-4-USWAGE (1-866-487-9243) and your name will be kept confidential.

1

2

**LEGAL PAUNAWA SA LAHAT NG MGA EMPLEYADO**

3

4
Ang Department of  Labor na isinasagawa ng isang pagsisiyasat ng BRETANO

5
BAHAY LLC, at natukoy na ang mga empleyado ay inutang pabalik sahod at

6
liquidated mga pinsala para sa kanilang mga trabaho sa panahon ng Pebrero 15,

7

8
2012, sa Pebrero 15, 2014. BRETANO HOUSE LLC at CHRISTOPHER AND

9
MARILYN FRIES sumang-ayon kusang-loob upang bayaran ang parusa, pabalik

10
na sahod at kinakalkula sa pamamagitan ng Kagawaran liquidated pinsala, at

11
magsagawa ng iba pang positibong hakbang na ito upang makamit ang pagsunod

12
sa Fair Labor Standards Act.

13

14
    Ang **Fair Labor Standards Act** ay nagbibigay na dapat mong babayaran

15
ang **pinakamababang pasahod** para sa lahat ng mga oras na nagtrabaho. Bilang

16
karagdagan, dapat bayaran ang **obertaym** rate ng isa at kalahating beses na ang

17

18
iyong regular na rate para sa lahat ng mga oras na nagtrabaho sa paglipas ng 40 sa

19
isang workweek lahat ng mga empleyado. Ang lahat ng mga empleyado ay may

20
karapatan sa obertaym pay (1 ½ ulit ng iyong regular rate) kapag nagtatrabaho ka

21
sa paglipas ng 40 na oras. Ang iyong tagapag-empleyo ay hindi maaaring gumawa

22
o pagbabawas tumagal ng credit para sa pagkain at panuluyan ibinigay sa iyo

23

24
maliban kung kusang-loob na sumasang-ayon upang mag-sign isang nakasulat na

25
kasunduan sa iyong tagapag-empleyo patungkol sa naturang pagkain o panuluyan

mga kredito. Ang pahintulot ng paghatol iyong tagapag-empleyo Naabot sa Department of Labor ay nangangailangan ng tagapag-empleyo ang upang gawing magagamit sa iyo sa anumang mga resibo, mga dokumento, o anumang iba pang impormasyon na kinakailangan upang ipaliwanag kung ilang mga panuluyan o pagkain pagbabawas at mga kredito ay ina-kinakalkula.

Ikaw ay dapat na binabayaran para sa lahat ng mga oras na nagtrabaho, kahit na oras na ginugol pagtulog, kung ikaw ay hindi karaniwan ay libre ng mga tungkulin sa panahon ng nasabing oras pagtulog at sa gayon ang mga bisita sa hindi bababa sa 5 oras ng walang harang na oras na pagtulog. Ang iyong tagapag-empleyo ay kailangang magbayad ka para sa lahat ng oras na ginugol nagtatrabaho, kahit na ang trabaho ay ginanap sa oras na naka-iskedyul na bilang "panahon ng sleep" o oras "non-work".

**Kung sa tingin mo hindi ka na binabayaran alinsunod sa batas**, maaari kang tumawag sa US Department of Labor, pasahod at Oras Division, sa (415) 625-7720 o 1-866-4-USWAGE (1-866-487- 9243) at ang iyong pangalan ay pananatilihing kumpedensyal.